**SHIELDS PETITTI, PLC**
Michael J. Petitti, Jr. – 011667
Paige C. Pataky – 029951
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: mjp@shieldspetitti.com
E-Mail: pcp@shieldspetitti.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ALISON BRAUGHTON,<br><br>               Plaintiff,<br><br>   v.<br><br>CITY OF GOODYEAR,<br><br>              Defendant. | No.<br><br>**COMPLAINT** |

Plaintiff Alison Braughton, for her cause of action against the City of Goodyear, alleges:

## GENERAL ALLEGATIONS

### (Parties and Jurisdiction)

1. Plaintiff is a resident of Maricopa County, Arizona and was a resident of Maricopa County during all relevant times.

2. Defendant City of Goodyear (Defendant) is a municipal corporation located in

1

1256400.1

Maricopa County, Arizona.

3. Defendant has committed actions and caused events to occur in Maricopa County which are the foundation of this action and out of which this action arises.

4. This Court has jurisdiction pursuant to *28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), 42 U.S.C. § 2000(e)-5,* and *42 U.S.C. § 12133.*

5. Venue is proper under *28 U.S.C. § 1391* because the acts detailed in this Complaint occurred within the District of Arizona and all parties reside within the District of Arizona.

**(Nature of Action)**

6. This is an action brought by Plaintiff to vindicate violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Americans with Disabilities Act, as amended ("ADA").

**(Jury Demand)**

7. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. Plaintiff was a police officer for Defendant's Police Department for approximately seven (7) years. Approximately four (4) years into her tenure, she was promoted to the rank of Sergeant.

9. Plaintiff performed with competence, distinction and to Defendant's benefit.

2

In fact, Plaintiff received numerous awards and public acknowledgement during her career. Her employment with Defendant was without incident until she raised good faith concerns about sex discrimination and Lieutenant Jason Costello's treatment of a female victim during a sexual assault call.

10. During her employment, unfortunately, Plaintiff also experienced different and less than equal treatment compared to her male peers. For example, Lieutenant Costello demeaned her and other female officers and often pitted male officers against female officers.

11. Plaintiff complained to Police Chief Jerry Geier about the discriminatory treatment. Chief Geier was not only unsupportive, but he dismissed her good faith concerns and told her she was being "overly sensitive."

12. During the same meeting, Plaintiff informed Chief Geier that she was struggling with PTSD and anxiety because of the hostile and discriminatory work environment. Chief Geier was dismissive, and Defendant never engaged in the interactive process with Plaintiff, and she was never offered an accommodation.

13. On February 22, 2019, Plaintiff submitted a memorandum detailing discriminatory treatment she witnessed during a sexual assault call she handled with Lieutenant Costello. In sum, similar to how he treated female employees, Lieutenant Costello treated the female victim much different than the male suspect. Merely a week and a half later, Lieutenant Costello initiated an Internal Affairs investigation against Plaintiff

1256400.1

based on false allegations.

14. Within weeks, Plaintiff was suddenly subject to four (4) separate retaliatory Internal Affairs investigations.

15. On April 25, 2019, Defendant issued a Notice of Intent to Discipline which included material changes to Plaintiff's job, including demotion from Sergeant to Officer, removal from the Crisis Negotiation Team and Critical Incident Stress Management Team, as well as her role as backup Public Information Officer, and probation for one (1) year.

16. In approximately September 2019, Plaintiff complained about sex discrimination in Defendant's hiring process for Deputy Chief of the Police Department.

17. Defendant disciplined and demoted Plaintiff for minor infractions that male employees also did but were not reprimanded for.

18. During her employment, Plaintiff discovered that Defendant had maintained a pattern and practice of sex discrimination against female employees in regard to the terms and conditions of their employment, including investigations, discipline, promotions and terminations.  Defendant has also, by the use of facially neutral employment practices and on other occasions by the use of excessively subjective standards for selection of those to be investigated, promoted or subject to discipline or termination, caused a significant, adverse and discriminatory impact on female employees.  Plaintiff is a victim of aforesaid practices.

19. Defendant's unrelenting and retaliatory investigations created an intolerable work environment, which in turn caused and exacerbated health issues that eventually

4

1256400.1

forced Plaintiff to resign and seek a disability retirement on September 3, 2019 because of the intolerable work environment.

20. Even after Plaintiff resigned, Defendant continued its discriminatory and retaliatory treatment of her, including continuing to pursue Internal Affairs investigations against Plaintiff and reporting false allegations to the Maricopa County Attorney and AZ Post. Defendant also interfered with Plaintiff's right to disability benefits.

21. Plaintiff timely filed a Charge of Discrimination with the EEOC on February 18, 2020. The EEOC issued its Notices of Right to Sue thereafter. (Exhibits 1, 2).

22. Plaintiff is damaged by the wrongful acts of Defendant and its agents as herein alleged, which damage includes, without limitation, the following:

    a. Lost salary and employment benefits since the date of Plaintiff's forced resignation until she should obtain employment at a similar rate of compensation;

    b. Injury to Plaintiff's long-term employment, reputation, and income potential flowing from the wrongful conduct by Defendant and Defendant's false and defamatory statements; and

    c. Injury from humiliation, trauma, extreme stress, physical and mental pain and anguish.

23. The willful and wanton misconduct on the part of Defendant is such that it justifies an award of punitive damages.

24. All allegations of this Complaint are incorporated into each claim for relief.

1256400.1

**FIRST CLAIM FOR RELIEF**

**(Sex Discrimination Under Title VII)**

25.     Plaintiff is a member of a protected class (female).  Defendant discriminated against Plaintiff based on her gender.  Defendant has treated male officers more favorably than Plaintiff in the terms and conditions of their employment.

26.     Plaintiff timely filed a charge of sex discrimination.  The EEOC issued its Notice of Right to Sue thereafter.  (Exhibit 1).

27.     Plaintiff is damaged by Defendant's violations of Title VII as hereinabove alleged or as proven at trial.

**SECOND CLAIM FOR RELIEF**

**(Retaliation Under Title VII)**

28.     Defendant intentionally, knowingly and maliciously, or in the alternative, in reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff after she reported her good faith concerns of sex discrimination to Defendant.

29.     Plaintiff timely filed a  charge of retaliation discrimination.  The EEOC issued its Notice of Right to Sue thereafter.  (Exhibit 1).

30.     As a proximate result of Defendant's wrongful conduct, Plaintiff has been damaged as alleged herein or as proven at trial.

6

1256400.1

## THIRD CLAIM FOR RELIEF

### (Disability Discrimination Under the ADA)

31. Plaintiff suffered from PTSD and anxiety, resulting in substantial limitation of major life activities, including sleeping, thinking, communicating, and concentrating. But, she was qualified to perform her job with occasional reasonable accommodations.

32. Defendant failed to engage in the interactive process and never offered Plaintiff an accommodation.

33. The actions described above violated Plaintiff's rights under the ADA.

34. Plaintiff timely filed a charge of disability discrimination. The EEOC issued its Notice of Right to Sue thereafter. (Exhibit 2).

35. Plaintiff is damaged by Defendant's violations of the ADA as hereinabove alleged or as proven at trial.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendant's conduct violated Title VII and the ADA and enjoining Defendant from conduct violating Plaintiff's rights;

B. For actual, consequential and incidental damages as alleged herein or as proven at trial;

C. For punitive damages;

1256400.1

D.   For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to Title VII, the ADA and any other applicable statute, rule or regulation;

E.   For interest on each element of damage, cost or attorneys' fees at the highest legal rate from the date of such damage, cost or attorneys' fee was incurred until paid; and

F.   For such other and further relief as the Court deems just and proper.

DATED this 18th day of May, 2022.

                    SHIELDS PETITTI, PLC


                    By /s/ Michael J. Petitti, Jr.
                       Michael J. Petitti, Jr.
                       Paige C. Pataky
                       5090 N. 40th Street, Suite 207
                       Phoenix, AZ 85018
                       *Attorneys for Plaintiff*

8

1256400.1